UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SANJAY PATEL et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | )   Case No. CIV-20-708-G |
| | ) |
| U.S. SMALL BUSINESS | ) |
| ADMINISTRATION et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

Plaintiffs Sanjay Patel and Maya Patel initiated this lawsuit in state court by filing a Petition to Quiet Title on June 22, 2020. *See* Pet. (Doc. No. 1-2). The Petition identifies four Defendants: U.S. Small Business Administration (the "United States"); Choice Hotels, Inc.; Subway Real Estate, LLC; and Safemark Systems, L.P. *See id.* at 1-2.

On July 23, 2020, the United States removed this action to this Court. Now before the Court is the United States' Motion to Dismiss (Doc. No. 3). Plaintiffs have not responded within the time allowed.

I.    *Plaintiffs' Petition to Quiet Title*

Plaintiffs allege that they are the owners of "6200 N. Warren Avenue" in Oklahoma City, Oklahoma County, Oklahoma (the "Subject Property"), and that they obtained title to the Subject Property "by virtue of a CONTRACT FOR DEED" "dated May 10, 2016," and recorded "in the official records of the Oklahoma County Clerk's office." Pet. ¶¶ 1-2. Regarding the United States, Plaintiffs' sole allegation is: "That Defendant, U.S. SMALL

BUSINESS ADMINISTRATION may assert some interest, right, claim or title to the Subject Property as the former holder of a judgment." *Id.* ¶ 3.

Plaintiffs further allege that the named Defendants "should be summoned and required to set up whatever claim or right, title interest, or estate they have in and to" the Subject Property. *Id.* ¶ 7. "Upon hearing, the title to said property should be quieted solely in Plaintiff[s]." *Id.*; *see also id.* at 2 (seeking as relief that Plaintiffs be determined the "sole owners" of the Subject Property and that Plaintiffs' title "be quieted and confirmed as against any and all claims of right, title, or estate on behalf of any of said Defendants, their successors and assigns").

II.     The United States' Motion to Dismiss

The United States seeks dismissal pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Def.'s Mot. at 1-2, 3-6.[1]

    A.  *Federal Rule of Civil Procedure 12(b)(1)*

Defendant first argues that Plaintiffs' claim against the United States cannot be considered by the Court due to the United States' assertion of sovereign immunity. "Sovereign immunity generally shields the United States, its agencies, and officers acting in their official capacities from suit." *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th

---

[1] Because Plaintiffs failed to respond to the Motion to Dismiss, this Court's local rules permit the Court to exercise its discretion and deem the Motion confessed. *See* LCvR 7.1(g). The Tenth Circuit has indicated, however, that before exercising such discretion, a district court should consider several factors and weigh these factors against "the judicial system's strong predisposition to resolve cases on their merits." *Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998) (internal quotation marks omitted). Because of the jurisdictional issues raised, and because in this action it is equally efficient to consider the merits of the United States' Motion, the Court does so.

Cir. 2002). "The concept of sovereign immunity means that the United States cannot be sued without its consent. Such consent may be found only when Congress unequivocally expresses its intention to waive the government's sovereign immunity in the statutory text." *Governor of Kan. v. Kempthorne*, 516 F.3d 833, 841 (10th Cir. 2008) (citation and internal quotation marks omitted).

"Sovereign immunity is jurisdictional in nature," and so the Court considers this argument pursuant to Rule 12(b)(1). *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). Here, the United States makes a facial attack on the sufficiency of the allegations contained in the Petition. *See* Def.'s Mot. at 1-4. A facial attack questions the sufficiency of the complaint's allegations. *Pueblo of Jemez*, 790 F.3d at 1148 n.4. In reviewing a facial attack, a district court confines its analysis to the pleadings and must accept the allegations in the complaint as true. *Id*.

The United States correctly asserts that Plaintiffs "have not alleged any waiver of sovereign immunity" or "any jurisdictional right or claim." Def.'s Mot. at 4. Nor is there any waiver or consent to suit in this Court apparent from the nature of Plaintiffs' quiet-title action. As the party asserting federal jurisdiction, Plaintiffs bear "the burden of alleging the facts essential to show jurisdiction." *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002) (internal quotation marks omitted). As noted, Plaintiffs have failed to respond to the Motion or otherwise attempt to show that the Court has jurisdiction over its claim against the United States.

Accordingly, the Court finds that Plaintiffs have failed to establish that subject-matter jurisdiction lies over its claim against the United States. *See Wyoming*, 279 F.3d at 1225; *Meyer*, 510 U.S. at 475. The Court need not reach the United States' remaining arguments for dismissal.

### B. Disposition of Plaintiffs' Claims

28 U.S.C. § 1447(c) prescribes: "If at any time . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The United States fails to cite or discuss this statute in their Motion and, therefore, offers no reason for the Court to not follow it. *Cf. Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (explaining that for a removed case where subject-matter jurisdiction is lacking "remand may take place without [a motion to remand] and at any time"). Nor does the Motion argue that Plaintiffs' claim against the United States would likewise be defeated by sovereign immunity upon remand. *Cf. Bullock v. Napolitano*, 666 F.3d 281, 284-85 (4th Cir. 2012) (explaining that the federal government's consent to be sued in particular courts is specific to those courts). Accordingly, this claim shall be remanded pursuant to 28 U.S.C. § 1447(c).

Plaintiffs' state-law claims against the other defendants are intertwined with their claim against the United States. *See* Pet. ¶¶ 4-6; 28 U.S.C. § 1367(a) (prescribing that the district courts have supplemental jurisdiction "over all other claims that are so related . . . that they form part of the same case or controversy"); *see also* Notice of Removal at 1-2 (citing 28 U.S.C. § 1441(c)). The Court finds that retaining jurisdiction over these remaining claims "would be inappropriate" and that these claims should likewise be

4

remanded.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 357 (1988) (noting that district courts "should consider and weigh . . . the values of judicial economy, convenience, fairness, and comity" in deciding whether to exercise supplemental jurisdiction"); 28 U.S.C. § 1367(c); *see also Schacht*, 524 U.S. at 391-92.

## CONCLUSION

IT IS THEREFORE ORDERED that the Motion to Dismiss (Doc. No. 3) filed by Defendant U.S. Small Business Administration is GRANTED IN PART.  This case is REMANDED in its entirety to the District Court of Oklahoma County, Oklahoma.  The Clerk of this Court is DIRECTED to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 25th day of March, 2021.

_____
CHARLES B. GOODWIN
United States District Judge